(Lorain County Court of Common Pleas.)

THE STATE OF OHIO EX REL. MOSES PEABODY *v.* THE BOARD OF COUNTY
SCHOOL EXAMINERS OF LORAIN COUNTY.

1. Under section 4073, Revised Statutes, the action of the Board of County School Examiners in revoking the certificate of a teacher for intemperance and immorality is final, and cannot be reviewed on error to the court of common pleas.
2. There being no provision of the statute whereby the action of the Board of County School Examiners can be reviewed on error to the court of common pleas, the examiners cannot be compelled, by mandamus, to sign a bill of exceptions setting forth all the evidence and rulings of said examiners on the trial to revoke a teacher's certificate.

(Decided January 4, 1894.)

MANDAMUS.

NYE, J.

This is a proceeding in mandamus to compel the defendants, who constitute the Board of County School Examiners of Lorain County, Ohio, to sign a bill of exceptions.

The relator, Moses Peabody, had been granted a certificate by the defendants, to teach school in Lorain county, and on or before the 17th day of November, 1894, he was engaged in teaching school in Russia township, said county. On or about that date certain charges were preferred against said relator, wherein he was accused of using profane language, filthy and obscene talk with pupils, and with being intemperate, and asking that his certificate be revoked.

Before the hearing or trial, several motions were made by the relator, raising legal questions, and questions to the jurisdiction of the respondents to hear and determine the case, several of which motions were decided against said relator, and exceptions noted.

On the said 17th day of November, 1894, said respondents, acting as said Board of County School Examiners, proceeded to hear testimony with relation to said charges. Several witnesses were called and examined by the attorney representing the persons presenting said charges, and the relator was present with attorneys, and cross-examined said witnesses. testified himself, and called other witnesses to refute said charges. At the close of said testimony said respondents revoked the relator's certificate for the following reasons, as given by them:

"*First.*—The use of intoxicating liquors.

"*Second.*—The use of profane language, which is regarded as an immoral practice."

During the trial of said case quite a number of exceptions were taken to the rulings of said board, both upon the evidence and the overruling of motions.

At the close of the hearing a motion for a new trial was made, overruled and exception taken by the relator. After said trial was over, a paper was prepared called a "bill of exceptions," purporting to set forth all the evidence. motions, rulings of the board of examiners, and exceptions of the relator, as fully as a bill of exceptions could be prepared in any court of justice. The Board of Examiners were asked to sign said "bill of exceptions," so that the relator might present his case to this court for review, which said board refused to do.

A petition is now filed in this court, to which is attached the alleged "bill of exceptions," and an order in mandamus is asked to compel said repondents to sign said "bill of exceptions," or show cause why they should not sign it.

VOL. I—16*

An answer has been filed by the respondents, setting forth :

"1st. That the court has no jurisdiction of the subject-matter of said action.

"2nd. That the petition does not state facts sufficient to constitute a cause of action.

"3rd. That the pretended bill of exceptions filed herein is not a true bill of exceptions."

On the hearing of this motion to require the respondents to sign said bill of exceptions or show cause why it should not be signed, it is conceded by counsel that any corrections necessary to be made in said bill, to make it a true bill of exceptions, could be agreed upon by the parties if the court should order a bill signed. This then leaves me to determine the legal question, whether the respondents can be compelled to sign any bill of exceptions. If they can, the alternative writ should be issued; if they cannot, then no writ should issue.

The relator claims that the action of the Board of Examiners—respondents—was judicial, and can be reviewed under section 6708, Revised Statutes. The respondents claim that their act was ministerial and final, and cannot be reviewed. Section 6708 provides that "A judgment rendered or final order made by a probate court, justice of the peace, or any other tribunal, board or officer, exercising judicial functions, and inferior in jurisdiction to the court of common pleas, may be reviewed, vacated or modified by the court of common pleas."

If the policy of the law is such that it is intended that the action of the Board of Examiners may be reviewed on error prosecuted from said board to the court of common pleas on petition in error, then the board ought to be compelled to sign a true bill of exceptions. But if the action of said board cannot be reviewed on error, there could be no use for a bill of exceptions, and the law would not require said board to do a vain or useless act. *Ohio ex rel. Ingerson* v. *Berry*, 14 Ohio St. 315.

If the court of common pleas could not review the action of the Board of Examiners on a bill of exceptions setting out all that took place before them, there could be no use for a bill of exceptions. But if this court can review the action of said board on a bill of exceptions, then said board ought to be required to sign said bill of exceptions, or some bill of exceptions.

It is maintained by the relator that every judgment or final order made by a court, board or officer inferior to the court of common pleas, *shall* be reviewed by the court of common pleas by virtue of section 6708.

On an examination of the authorities, I have arrived at the conclusion that it is not *all* judgments or orders of a court, board or officer exercising judicial functions that may be reviewed in a court of superior jurisdiction; But only such judgments and orders can be reviewed by a superior tribunal as are provided for by statute.

And as there is no provision of the statute providing for the review of the action of a Board of School Examiners by the court of common pleas on a bill of exceptions, I am of the opinion that even though the Board of Examiners acted in a judicial capacity, (a thing which I do not concede), their action cannot be reviewed by this court. I think this doctrine is fully sustained by a comparison with the decisions of the Supreme Court on the judgments and orders of other courts and officers inferior to the court of common pleas.

Under a former statute which did not provide for taking a bill of exceptions before a justice of the peace in a forcible entry and detainer case, it was held by our Supreme Court, in *Barto* v. *Abbe*, 16 Ohio, 408, that, "in cases in forcible entry and detainer, the justice is not authorized to sign and enter upon his docket a bill of exceptions, and if he does, it will not be regarded by the higher court on error."

In the case of *Ohio ex rel., etc.* v. *Wood*, 22 Ohio St. 537, the Supreme Court held that a justice of the peace could not be compelled to sign a bill of exceptions, setting out all the evidence in a forcible entry and detainer action, because there was no statute authorizing such action to be reviewed on the weight of the evidence. This was an action in mandamus, and the writ was refused. At the time of this latter decision, there was a statute authorizing the taking of exceptions to the opinion of the justice " upon questions of law and evidence."

It was decided in the case of *Bear et al.* v. *Otto*, 34 Ohio St. 11, that "an order of a justice of the peace, made on a motion to discharge an attachment, cannot be reviewed on proceedings in error where the error alleged is that the order was against the weight of evidence."

Since the making of the last named decision, the justice code has been so amended (section 6524) as to allow such a case to be reviewed on the weight of the evidence (42 Ohio St. 102; 46 Ohio St. 52), which clearly shows that without such legislation, cases cannot be reviewed on the weight of the evidence.

In the case of *Williams* v. *State*, 25 Ohio St. 628, it was held that "proceedings in error to reverse the sentence of a police court are regulated by the municipal code, and there is no authority for reversing such sentence, on the ground that the conviction was against the weight of evidence." These seem to be sufficient to show that although section 6708 provides that judgments and orders made by courts and tribunals inferior to the court of common pleas may be reviewed in the court of common pleas, they can only be reviewed when there is a provision of the statute for that purpose.

There is another class of cases where the acts of an *"officer"* are not reviewable by a higher court.

It was decided in *Sheldon* v. *McKnight*, 34 Ohio St. 316, that the action of a judge of the court of common pleas, in ordering the surrender of a fugitive from justice into the hands of the agent of a sister state, is not reviewable on error. It was also decided in *Atwood* v. *Whipple*, 48 Ohio St. 308, that an order of a judge of the court of common pleas at chambers overruling a motion to dissolve a temporary injunction is not reviewable on error by the circuit court, because there was no statute providing for such review. There are other cases and other instances which might be given to show that the acts of an officer, board or tribunal can be reviewed only as such review is provided by statute.

Section 4073, Revised Statutes, provides, among other things, that "if at any time the recipient of a certificate be found intemperate, immoral, incompetent or negligent, the examiners, or any two of them, may revoke the certificate, * * * and when any recipient of a certificate is charged with *intemperance* or *other immorality*, the examining board shall have power to send for witnesses and examine them on oath or affirmation, *touching* the matter under investigation."

By this section it is very evident that the examiners, or any two of them, make revoke a certificate on personal knowledge or information that the recipient is intemperate, immoral, incompetent or negligent. This may be done without a hearing and without notice to the holder of said certificate.

If the examiners should see the holder of a certificate reeling through the streets in a state of intoxication, or have personal knowledge of his gross immoral conduct, they would have a right to revoke the certificate without a hearing. In such case there would be no record of a trial, and no bill of exceptions to be presented or signed. There could be no judicial act in such revocation. The act would be ministerial it is character. But if the examiners had no personal knowledge of the immoral or intemperate habits of the holder of the certificate, and had to hear evidence to ascertain

said facts, it is contended that such action and revocation after such hearing would be a judicial act, and hence reviewable in proceedings in error.

I can hardly conceive of a more unjust rule of practice than this reasoning would lead us to. If the board of examiners hear *no evidence*, there is no rule of law or practice whereby their action in revoking a certificate can be reviewed; but if they hear *some evidence*, their action can be reviewed. The statement of such a proposition, shows the injustice of it. It seems to me that if the legislature had intended to provide for a review of the action of the board of examiners in revoking a certificate in one case, it would have provided for it in the other cases. And the fact that the legislature has not provided for a review of the action of the examiners in both cases, convinces me that it has not provided for reviewing their action in either case.

By section 1872, Revised Statutes, as amended April 3, 1885, (82 v. 102) it was provided that the Police Commissioners of Cincinnati might be removed by the Governor for official misconduct. Under this statute it was decided in *State ex rel. Attorney-General* v. *Hawkins*, 44 Ohio St. 98, that " The power conferred on the Governor of the state by section 1872 of the Revised Statutes, as amended by said act, to remove any members of the board of police commissioners is administrative and not judicial in its nature, and therefore, not in conflict with article 4, section 1 of constitution, conferring judicial power on the courts of the state."

In *State ex rel. Hill* v. *Board of Fire Commissioners of the City of Cleveland*, 26 Ohio St. 24, it was decided that " under the act of March 21, 1874, (71 Ohio Laws, 38) the board of fire commissioners is invested with power to dismiss for cause members of the department; and having removed the chief of the department for incompetency, it cannot be compelled by mandamus to restore him to his former position." In deciding the case, Judge GILMORE said : "The dismissal of the relator was the result of the deliberate judgment of the board, after a full investigation of the charges preferred against him. The board was the only tribunal clothed with power to try the case, and its determination and judgment must be held to be final."

I am fully convinced that the board of school examiners is the only tribunal authorized to hear and determine the question as to whether a teacher's certificate shall be revoked or not, and that its action in the matter is final.

Said examiners are selected and appointed by the probate court on account of their learning, ability, honor and fitness for the position, and when so selected and appointed, they are by statute fully clothed with all the powers of granting certificates and revoking the same under the provisions of the statute.

The teacher in our public schools occupies one of the most important and responsible positions in the community. Our children are intrusted to his care for education and guidance. The parents as well as the pupils have a right to look up to him as an example and guide to their conduct. And so long as he maintains their confidence his examples are followed and his conduct imitated. By intemperate habits or immoral conduct he loses the respect of the parents and pupils, and his usefulness is gone. And when it is ascertained by the examiners that a teacher is intemperate or immoral, it is made their duty by statute to deprive him of the license which they have given him to teach, by revoking his certificate. The duty of revoking this certificare must be placed somewhere, and the legislature has seen fit to place it in the power of the board which granted it, and not in any court. It has not provided for a review of the examiner's action, and hence I am of the opinion that it was the legislative intent that that action should be final. The writ will therefore be refused.

*Metcalf & Tillotson*, for relator.
*W. B. Bedortha*, for repsondents.